UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TROY WILSON, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>INTERTEK USA, INC., and INTERTEK INTERNATIONAL, INC. | DOCKET NO. _____ |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Troy Wilson brings this lawsuit to recover unpaid overtime wages and other damages from Intertek USA, Inc. and Intertek International, Inc. (collectively "Intertek") under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Intertek employs inspector personnel, like Wilson, to carry out its work.

3. Wilson, and the other workers like him, were typically scheduled for 10-hour shifts, as many as 7 days a week, for weeks at a time.

4. But Intertek does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead, Intertek paid Wilson, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are residents of this District, specifically Intertek's principal place of business in the United States is in Houston, Texas. Specifically, decisions relating to the pay practices, job duties, and classification of the workers took place at Defendants' Houston corporate offices. Additionally, corporate representatives, human resources witnesses, and other fact witnesses are located in and worked out of Defendants' Houston corporate offices.

## PARTIES

9. From approximately April 2018 until April 2019, Wilson worked for Intertek as an inspector. Throughout his employment with Intertek, he was paid hourly with no overtime compensation and was misclassified as an independent contractor. His consent to be a party plaintiff is attached as Exhibit A.

10. Wilson brings this action on behalf of himself and other similarly situated workers who were paid by Intertek's straight time for overtime system.

11. Intertek paid each of these workers the same amount for each hour worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All inspectors who worked for, or on behalf of, Intertek USA, Inc. or Intertek International, Inc. during the past 3 years who were classified as independent contractors and paid straight time for overtime (the "Putative Class Members").**

13. Wilson seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

14. Defendant Intertek USA, Inc. may be served through its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

15. Defendant Intertek International, Inc. may be served through its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found.

## COVERAGE UNDER THE FLSA

16. Intertek has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. Intertek has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. Intertek has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. Wilson and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

20. As will be shown through this litigation, Intertek treated Wilson and the Putative Class Members as employees and uniformly dictated the pay practices to which Wilson and the Putative Class Members were subjected.

21. Intertek's misclassification of Wilson and the Putative Class Members as independent contractors does not alter its status as an employer for purposes of the FLSA.

## FACTS

22. Intertek is an industry leader in testing, inspecting, and certifying products, construction, and projects "with more than 46,000 employees in 1,000 locations in over 100 countries"[1] including United States and in Texas.

23. In order to create the goods, and provide the services, it markets to its customers, Intertek employ inspector personnel like Wilson and the Putative Class Members.

24. These inspectors carry out the hands-on, day-to-day work of Intertek.

25. Intertek paid Wilson and the Putative Class Members the same sum for each hour worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

26. For example, Wilson worked for Intertek from approximately April 2018 until April 2019 as an inspector of water heaters and other fabrications in the construction of an addition to a Dow Chemical Plant in southeast Texas.

27. Wilson was paid on an hourly basis.

28. Wilson was not paid on a salary basis.

29. Wilson was not paid a salary guarantee.

30. Intertek paid Wilson $45 for each hour worked.

31. Intertek typically scheduled Wilson to work 10-hour shifts, for as many as 7 days a week.

32. During each year of his employment, Wilson regularly worked well in excess of 40 hours in a workweek.

33. But Intertek did not pay Wilson overtime.

34. The work Wilson performed was an essential part of producing Intertek's core products and/or services.

---

[1] https://www.intertek.com/about/ (last visited 2/20/2020)

35. During Wilson's employment with Intertek, Intertek exercised control (directly or jointly through another company) over all aspects of Wilson's job.

36. Wilson did not make any substantial investment in order to perform the work Intertek required of him.

37. Intertek determined Wilson's opportunity for profit and loss.

38. Wilson's earning opportunity was based on the number of days Intertek scheduled him to work.

39. Wilson was not required to possess any unique or specialized skillset (other than that maintained by all other individuals working in the same job position) to perform their job duties.

40. Wilson was not employed by Intertek on a project-by-project basis, but rather on a consistent basis.

41. While Wilson was classified as an independent contractor, he was regularly on call for Intertek and was expected to drop everything and work whenever needed.

42. Intertek controlled all the significant or meaningful aspects of the job duties performed by Wilson.

43. Intertek controlled the hours and locations Wilson worked, the tools he used, and the rates of pay he received.

44. Even when Wilson worked away from Intertek's offices or job sites without the presence of a direct supervisor, Intertek still controlled all aspects of Wilson's job activities by enforcing mandatory compliance with Intertek's and/or its client's policies and procedures.

45. More often than not, Wilson utilized equipment provided by Intertek to perform his job duties.

46. Wilson did not provide the essential equipment he worked with on a daily basis.

47. Intertek made the large capital investments in buildings, machines, equipment, tools, and supplies in the business that Wilson worked in.

48. Wilson did not incur operating expenses like rent, payroll, marketing, and insurance.

49. Wilson was economically dependent on Intertek during his employment.

50. Intertek set Wilson's rates of pay, his work schedule, and prohibited him (formally or practically) from working other jobs for other companies while they were working on jobs for Intertek.

51. Very little skill, training, or initiative, in terms of independent business initiative, was required of Wilson to perform his job duties.

52. Indeed, the daily and weekly activities of Wilson and the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Intertek.

53. Virtually every job function performed by Wilson and the Putative Class Members was pre-determined by Intertek and/or their clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

54. Wilson and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

55. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to inspections in the field.

56. Wilson performed routine manual and technical job duties that were largely dictated by Intertek.

57. All of the Putative Class Members perform the similar job duties and are subjected to the similar policies and procedures which dictate the day-to-day activities performed by each person.

58. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

59. The Putative Class Members regularly worked in excess of 40 hours each week.

60. Like Wilson, the Putative Class Members were generally scheduled for daily shifts of 10 (or more) hours for weeks at a time.

61. Intertek did not pay Wilson on a salary basis.

62. Intertek did not pay the Putative Class Members on a salary basis.

63. Intertek paid the Wilson on an hourly basis.

64. Intertek paid the Putative Class Members on an hourly basis.

65. Intertek failed to pay Wilson overtime for hours worked in excess of 40 hours in a single workweek.

66. Intertek failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

67. Intertek knew, or acted with reckless disregard for whether, Wilson and the Putative Class Members were misclassified as independent contractors.

68. Intertek classifies other workers who perform substantially similar work, under similar conditions, as employees.

69. Intertek's policy of failing to pay Wilson and the Putative Class Members overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

70. Intertek's straight time for overtime system violates the FLSA because Wilson and the other straight time for overtime workers classified as independent contractors did not receive proper overtime pay for hours worked over 40 hours each week.

71. Because Wilson and the Putative Class Members were misclassified as independent contractors by Intertek, they should receive overtime for all hours worked in excess of 40 hours in each workweek.

## FLSA VIOLATIONS

72. Intertek violated, and is violating, the FLSA by employing Wilson and the Putative Class Members for workweeks longer than 40 hours without paying them overtime.[2]

73. Intertek knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Wilson and the Putative Class Members overtime.

74. Intertek's failure to pay overtime to Wilson and the Putative Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

75. Accordingly, Wilson and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

76. The illegal pay practices Intertek imposed on Wilson were likewise imposed on the Putative Class Members.

77. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

78. Numerous other individuals who worked with Wilson were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

79. Based on his experiences and tenure with Intertek, Wilson is aware that Intertek's illegal practices were imposed on other Putative Class Members.

80. The Putative Class Members were improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

---

[2] This same conduct violates numerous state laws. Therefore, following some discovery and the opt-in process, Plaintiff may seek leave to add additional claims under state laws.

81. Intertek's failure to pay overtime at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

82. Wilson's experiences are therefore typical of the experiences of the Putative Class Members.

83. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

84. Wilson has no interest contrary to, or in conflict with, the Putative Class Members.

85. Like each Putative Class Member, Wilson has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

86. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

87. Absent a collective action, many members of the Putative Class Members will not obtain redress of their injuries and Intertek will reap the unjust benefits of violating the FLSA and applicable state labor law.

88. Furthermore, even if some of the Putative Class Members could afford individual litigation against Intertek, it would be unduly burdensome to the judicial system.

89. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

90. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Intertek employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA;

    b.    Whether the Putative Class Members were improperly misclassified as independent contractors;

    c.    Whether Intertek's decision to classify the members of the Class as independent contractors was made in good faith;

    d.    Whether Intertek's decision to not pay time and a half for overtime to the members of the Class was made in good faith;

    e.    Whether Intertek's violation of the FLSA was willful; and

    f.    Whether Intertek's illegal pay practices were applied to the Putative Class Members.

91. Wilson and the Putative Class Members sustained damages arising out of Intertek's illegal and uniform employment policy.

92. Wilson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

93. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

94. Wilson demands a trial by jury.

## RELIEF SOUGHT

95. WHEREFORE, Wilson prays for judgment against Intertek as follows:

    a.    An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b.    For an Order appointing Wilson and his counsel to represent the interests of the FLSA Class;

    c.    For an Order finding Intertek liable to Wilson and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

    d.    For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Michael A. Josephson
State Bar No. 24014780
Federal ID 27157
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
Federal ID 1093163
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
Federal ID 21615
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**